NUMBER 13-03-633-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
____________________________________________________________________
 
JOE ALLEN STOWE,                                                         Appellant,

v.

JULIA KATHLEEN STOWE,                                                 Appellee.
____________________________________________________________________

On appeal from the 257th District Court of Harris County, Texas.
____________________________________________________________________

MEMORANDUM OPINION

Before Justices Hinojosa, Rodriguez, and Castillo
Opinion Per Curiam


         Appellant, Joe Allen Stowe, was divorced by decree entered on September 4,
1998. On January 2, 2003, appellant filed a motion in the trial court seeking to
modify a qualified domestic relations order allegedly entered on June 29, 1999.


 On
July 23, 2003, appellant filed an “agreed motion for interlocutory appeal.” Appellant
contends that he is entitled to an interlocutory appeal under section 51.014(d) of the
civil practice and remedies code because his motion to modify has been pending for
more than six months, therefore, the appellant “deems no Court activity means all
things requested” are denied. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d)
(Vernon Supp. 2004). We disagree, and dismiss this appeal.
         On June 3, 2004, the Clerk of this Court notified appellant that it did not appear
that this Court had jurisdiction over the appeal, and requested correction of the defect
within ten days. In response, 2appellant filed a request to file a “late motion to cure
jurisdiction defect,” and on July 2, 2004, appellant filed a motion “to cure jurisdiction
defect.” Appellant’s motion to cure jurisdiction reiterates the grounds for appeal
previously raised in his motion for interlocutory appeal. 
         According to section 51.014(d) of the civil practice and remedies code:
A district court may issue a written order for interlocutory appeal in a
civil action not otherwise appealable under this section if:
 
(1)the parties agree that the order involves a controlling question of
law as to which there is a substantial ground for difference of
opinion;
 
(2) an immediate appeal from the order may materially advance the
ultimate termination of the litigation; and 
 
(3) the parties agree to the order. 

See id. The record fails to substantiate appellant’s alleged right to an interlocutory
appeal under this section because the record lacks a written order for interlocutory
appeal issued by the district court. Moreover, although appellant’s motion is captioned
as an “agreed motion for interlocutory appeal,” the certificate of conference states that
a conference would be a “meaningless ritual” because the opposing party or counsel
“can neither approve or disapprove” of this motion. The record thus fails to reflect the
parties’ agreement as required by section 51.014(d), subsections (1) and (3).
         We find no basis for jurisdiction. The original divorce decree was entered on
September 4, 1998, and the record on appeal does not contain any subsequent orders
for enforcement or clarification. Accordingly, this appeal is dismissed. Any pending
motions are likewise dismissed as moot. 
                                                               PER CURIAM
Memorandum opinion delivered and filed
this the 5th day of August, 2004.